## C. YALE, JR., V. JAMES G. HEARD.

The affirmance of a judgment only determines that the judgment below was rightfully rendered for such an amount as was due at the time of its rendition.

If it appear that there was no ground of error or appeal, this court awards damages upon the amount of the judgment below; but this is not an adjudication that that amount remains due and unpaid or that the plaintiff shall recover a sum certain in damages though the judgment had been satisfied.

If there be evidence of payments on the judgment brought to the knowledge of the Clerk of the District Court, he must credit them upon the execution; also, the damages awarded upon the sums so paid, if the payments were made before the appeal or the suing out of the error.

Where payments had been on a judgment in the court below before the writ of error was sued out, and the judgment was affirmed with ten per cent. damages, held, that the plaintiff in execution was not entitled to damages on the payments so made.

ERROR from Washington. Tried below before the Hon. R. E. B. Baylor.

On the 11th day of April, 1856, C. Yale, Jr., & Co., recovered a judgment in the District Court of Washington county, for $2042 72, against Daniel Trabue, George Trabue and James H. Heard. In August and September, 1856, payments to the amount of $1568 07, were made upon the judgment. Afterwards, the case

was removed to the Supreme Court by writ of error, and on the 13th day of November, 1857, the Supreme Court affirmed the judgment, together with ten per cent. damages upon the whole amount of the judgment below. On the 20th day of January, 1858, an execution was issued against the defendants for the $2042 72, and also, for $204 27, damages. Upon this execution the payments made were duly credited; but no credit was given for the damages awarded by the Supreme Court of ten per cent. on the payments so made. James G. Heard, one of the defendants in the said suit, obtained an injunction to restrain the plaintiff in the suit from collecting the damages on the payments thus made. Jury waived and cause submitted to the court. Judgment in favor of Heard, perpetually restraining C. Yale, Jr., & Co. from collecting $1563 07, the amount of payments on the execution, and $156 30, being ten per cent. assessed as damages on such payment. C. Yale, Jr., & Co., prosecuted their writ of error.

*J. D. & D. C. Giddings*, for plaintiff in error.

*John Sayles*, for defendant in error.

WHEELER, C. J. In revising the judgment of the court below this court does not look to matters subsequent to its rendition. The appeal does not bring in question proceedings in execution of the judgment, and they are not included in the record. If payments have been made and credits entered subsequently to the rendition of the judgment, they would not ordinarily be brought to the attention of this court by anything appearing in the record. This court revises the judgment as rendered, and if there be no error affirms that judgment in terms, without noticing payments which may have been made upon it. But this does not authorize the collection of the sums so paid upon the judgment of this court affirming the judgment below, though the sum of that judgment were mentioned in the judgment of affirmance. The affirmance adjudges only that the judgment was rightly rendered for such an amount due at the time of its rendition. And if it appears that there was no ground of error or appeal, this court awards

damages upon the amount of the judgment below. But this is not an adjudication that that amount remains due and unpaid; or that the plaintiff below shall recover a sum certain in damages though the judgment had been satisfied. The damages are dependent and consequent upon the principal remaining unpaid. If there be evidence of payments brought to the knowledge of the Clerk of the District Court, he must credit them upon the execution, and as well the damages awarded upon the sum paid, as the principal, if the payment was made before the appeal or the sueing out of the writ of error. The right to damages depends upon the right to the principal. This court does not adjudge that a sum certain be recovered in damages at all events, but only awards as damages ten per cent. upon the amount adjudged below. But if the amount adjudged below had been satisfied before the appeal, there was nothing on which to compute damages, and none can be recovered.

There was, in this case, as little reason to insist upon the recovery of damages upon the payments, as there was to insist upon the collection of the principal sums which had been paid. The judgment of affirmance by this court gave no more right to the one than the other, and the court below very properly so ruled. The judgment is affirmed.

Judgment affirmed.