## CARTER DAVIS v. THE STATE.

No. 8083. Decided January 23, 1924.

**1.—Murder—Evidence—Husband and Wife—Divorce—Pauper's Affidavit.**

Upon trial of assault to murder appellant's wife was offered as a witness against him, and he objected to her testimony upon the ground that being his wife her testimony was inadmissible, which objection was overruled upon the proposition that subsequent to the shooting in question and prior to the instant trial the wife had been granted a divorce from defendant, whereupon defendant interposed the further objection that said divorce suit was then pending in the Court of Civil Appeals, on his pauper's affidavit. Held, under these conditions the judgment of divorce was ineffective at that time and neither party could testify against the other, and admitting the testimony of defendant's wife is reversible error.

**2.—Same—Husband and Wife—Evidence—Res Gestae.**

If the wife be competent to testify as a witness for the State, the things said to her at the beginning of the difficulty and by her to the defendant were admissible, both as res gestae and also under that rule which holds that communications made by the husband to the wife in the presence of other people are not privileged.

**3.—Same—Evidence—Other Transactions.**

What occurred at the house of the witness Joe Sylvers immediately after the beginning of the shooting and in which Sylver's wife was shot, and also another was admissible in evidence.

**4.—Same—Argument of Counsel.**

The language of the prosecuting attorney to the effect that the grand jury had spent a week investigating this offense was manifestly improper, but will not likely occur again upon another trial.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of assault to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner,* for appellant. On question of writ of error to Court of Civil Appeals on pauper's affidavit: Thompson v. Hawkins, 38 S. W., 236. On question of other transactions: Herndon v. State, 99 S. W. Rep., 558; Clark v. State, 128 id., 132.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, and *E. L. Routh,* District Attorney, for the State. Fletcher v. Anderson, 145 S. W. Rep., 622; Sanders v. Benson, 114 id., 436.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stephens County of an assault to murder, and his punishment fixed at ten years in the penitentiary.

Appellant and his wife had separated and she was living with her mother and sisters in a house a few feet from one occupied by another sister of hers and the husband of said sister. Appellant went to the place where his wife was living and engaged her in conversation relative to returning to him. Upon her refusal he shot her and almost immediately following shot her sister, the deceased in this case, and then shot another sister. He then followed those of the women who fled to the adjoining house and there shot that one of his wife's sisters who lived in the neighboring house. He was tried and convicted in this case for the shooting of Lizzie Pool, one of his wife's sisters who was with her at the time the shooting first began.

Appellant's wife was offered as a witness against him upon this trial. He objected to her testimony upon the ground that being his wife her testimony was inadmissible under Article 795 of our Code of Criminal Procedure. This objection was overruled upon the proposition that subsequent to the shooting in question and prior to the instant trial, the wife had been granted a divorce from appellant. Appellant then interposed the further objection, or made known to the court the fact, that prior to the call of this case for trial he had filed a petition for a writ of error to the Court of Civil Appeals of the district, in the divorce case, and had supported same by an affidavit *in forma pauperis* which had been made by him before the county judge in the county of his residence and which seems to have been in all things in conformity with the law relative to the form of such affidavit. The learned trial judge overruled the objection and his action is complained of in bill of exceptions No. 5 to which appears the following qualification:

"The divorce was granted January 2, 1923. There was no motion for a new trial nor appeal taken, the term of court had adjourned when Cubie Davis was placed on the witness stand by the State in this case. Defendant's counsel then objected for the reason that defendant had filed application for writ of error and had filed his pauper's affidavit in lieu of bond. No proof was offered before this court of defendant's inability to give bond nor was he permitted under order of this court to prosecute said writ without bond. Copy of said affidavit of inability to give bond showing filing is hereto attached and made a part of this bill."

The affidavit being in proper form, as stated above, and being sworn to before the county judge of the county of residence, and there being nothing in this record by which we are informed there had been any contest of said affidavit, we are unable to appreciate the force of the statements of the learned trial judge in the qualification above quoted. The term of court at which the divorce was granted, had adjourned and it was permissible to make proof of inability to pay the costs· or any part thereof by affidavit made before the county judge of the county of residence. In such case as we understand the authorities the making of said affidavit in correct form before said county judge would be all that would be necessary to support the petition for the writ in the absence of a contest. Smith v. Buffalo Oil Co., 99 Texas, 77; Wood v. St. Louis S. W. Ry. Co., 2 Fraser, —, 97 S. W. Rep., 324; Thompson v. Hawkins, 38 S. W. Rep., 236; Currie v. M. K. & T. Ry. Co., 108 S. W. Rep., 1167; Major v. Goodrich, 68 S. W. Rep., 290.

Our construction of Art. 2100, Vernon's Civil Statutes, which provides that the filing of affidavit in lieu of a supersedeas bond, as provided for in the three preceding articles, shall not have the effect of suspending the judgment, but execution shall issue thereon as if no writ of error had been taken; as applied to a judgment merely for divorce is, that it would have no application. A judgment for divorce needs no execution. It fixes finally the status of the parties. To conclude that the perfecting of a writ of error from a decree of divorce by making an affidavit *in forma pauperis* would leave a final judgment effective so that the parties might proceed thereunder as if the marital relation had been ended and concluded by the judgment,— might marry again, etc.,—would be to make light of the law authorizing a reversal on such appeal by the writ. Our conclusion is that the filing of the petition for the writ of error, supported by the affidavit mentioned, in 'the absence of any contest, would so far render the judgment ineffective as that neither party could testify against the other in a criminal case except as provided in Article 795 above mentioned until and unless there be some further showing as to the disposition of the writ of error.

96 T. C.—24.

Other questions are in this case. If the wife be competent to testify as a witness for the State, we think the things said to her at the beginning of the difficulty, and by her to appellant, were admissible both as res gestae and also under that rule which holds that communications made by the husband to the wife in the presence of other people are not privileged. We also think that what occurred at the house of Joe Sylver immediately after the beginning of the shooting and in which Sylver's wife was shot and also Lizzie Pool, was admissible. The shooting of Lizzie Pool and Bessie Sylver seems to have followed closely upon and been connected with the shooting of appellant's wife. As shedding light on the question of malice we regard it permissible to prove a prior assault by appellant upon his wife. The language of the prosecuting attorney to the effect that the grand jury had spent a week investigating this offense, was manifestly improper but will not likely occur upon another trial.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*