### GRANATA et al. v. MOTHNER.
### No. 2163.

Court of Civil Appeals of Texas. Beaumont.
Dec. 24, 1931.

Rehearing Denied Dec. 31, 1931.

H. P. Barry and Jas. A. Harrison, both of Beaumont, for appellants.

D. E. O'Fiel, of Beaumont, for appellee.

## O'QUINN, J.

Appellee sued appellants to recover commissions which he alleged were due him for the sale of certain real estate in Jefferson county, Tex. He alleged that on about November 24, 1927, he was a real estate dealer and agent, and that on said date appellants placed with him for sale certain lots situated in the Granata and Amaimo additions to the city of Beaumont, Tex., giving him the exclusive agency to sell same, on the following terms: "A total consideration of $6500.00, $1500.00 cash to be .paid by the purchaser upon the delivery of the deed of conveyance to him by the vendors; the execution by the purchaser of a vendor's lien note in favor of the vendor in the sum of $500.00, and the assumption by the purchaser of four outstanding vendor lien notes against said above described property, falling due in one, two, three and four years."

He further alleged that it was agreed by and between appellants and appellee that if he, appellee, obtained a purchaser for appellants and brought about a sale of the property for the sum of $6,500, or for such less amount as the appellants would accept, in consideration for said services and the services he had already rendered appellants, they would pay him a commission of 5 per cent. on the amount of the selling price at the time of the sale.

He further alleged that in pursuance of said agreement on March 21, 1928, he procured a purchaser for said property, to wit, one Pete Palermo, at the said sum of $6,500, who was ready, willing, and able to comply with said contract of purchase, and who did then and there deliver to appellee, agent for appellants, the sum of $75 as earnest money to bind the sale of said property, whereupon appellants then and there became liable to pay appellee the sum of $325; that on about March 21, 1928, the appellants, in disregard and in violation of their said contract with appellee, sold said property to another and different person than the purchaser whom appellee had procured for the sum of $6,000, over the protest of appellee, and with the intent to avoid paying him his said commission; that appellants had refused and still refuse to pay his said commission, to his damage $500.

Appellants answered by general demurrer and general denial.

The case was tried to a jury upon special issues which they answered in favor of appellee, and judgment was accordingly entered for $300. Motion for a new trial was overruled, and the case is before us on appeal.

The first assignment urges that the court erred in refusing appellants' special charge asking for an instructed verdict. It is urged that the charge should have been given because appellee had pleaded one contract and proven another. The assignment is overruled. Consideration of the whole record, we think, shows sufficient support of the pleading to require the issue to go to the jury.

The further contention is made that, because appellants had themselves sold the land prior to the time appellee reported his sale to Palermo, the sale by appellants was a revocation of appellee's agency, and ap-

pellants should have had verdict. This contention cannot be sustained, because if appellants intended to revoke appellee's agency, then he was entitled to have notice of such action, which was not given him. Appellee alleged that his agency was exclusive, appellants agreeing to sell only through him. The jury found he had such agency. So if appellants found a purchaser, under this contract, the purchaser should have been referred to appellee.

◼ The second assignment complains that special issue No. 3 submitted to the jury was multifarious, and that their objection to same should have been sustained. The issue reads: "Do you find from the evidence that the plaintiff procured a purchaser ready, willing and able to purchase the property in controversy and upon the terms proposed?"

The court overruled this objection, and then appellants presented and requested their special issue No. 7 to be given, which was:

"If you have answered 'yes' to Special Issue No. 4, and only in that event, you will answer the following issues:

"(a) Did said purchaser, if any, have the financial ability to comply with the sale contract, if any?

"(b) Was he ready to comply with same?

"(c) Was he willing to complete the sale? Answer 'yes' or 'no' to each of these questions, (a), (b) and (c), as you find the facts to be from a preponderance of the evidence."

This was also overruled. This charge was error. It submitted for the jury's finding more than one ultimate material fact—was the purchaser able, was he willing, and was he ready to complete the purchase on the terms of sale, each of which must have been found in the affirmative to have satisfied the legal requirements to have entitled appellee to recover. Article 2189, R. S. 1925; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Eastern Texas Electric Co. v. Smith (Tex. Civ. App.) 298 S. W. 314.

◼ The third assignment that the court erred in not submitting appellants' special issue No. 5, "did plaintiff find a purchaser, if any, within a reasonable time" is overruled. It was some ninety days after the alleged contract of agency was made until the purchaser was reported by appellee. However, if appellants intended to revoke appellee's agency to sell the property, under the general rule and great weight of authority, they should have given him notice. If, because of the lapse of time in appellee's finding a purchaser, appellants concluded to sever his agency, they should have so informed him, otherwise he would have continued his efforts to sell the property after his authority to do so had been privately terminated by appellants.

◼ The assignment challenging the finding by the jury that appellants entered into a contract with appellee to procure a purchaser for the property, as being against the great preponderance of the evidence, is overruled. It is true that the record shows that each of the appellants testified that they did not make the contract with appellee pleaded by him, or any contract for him to sell the property, and that only the appellee testified that such contract was made, but the question was one of fact, and the jury found in favor of appellee. They were the judges of the credibility of the witnesses and the weight to be given their testimony, and we do not believe that such facts or circumstances are disclosed by the record as to warrant us in disturbing their verdict. What we have said disposes of the fifth and sixth assignments.

◼ The ninth assignment asserts that the court committed reversible error in admitting in evidence, over their objections, the petition of Pete Palermo, the alleged purchaser of the property under and through appellee, in a suit against appellants for specific performance of the alleged contract of purchase entered into between him and appellee, as the agent of appellants, said petition being offered and admitted in evidence for the purpose only of showing that said Palermo was able, willing, and ready to comply with the terms of his agreement to purchase said property. In this connection, and for the same purpose, the attorney who brought the suit for Palermo was permitted, over the objections of appellants, to testify that said Palermo authorized him to file said suit, and in said petition to allege that he, Palermo, was able, ready, and willing to carry out his purchase agreement. The objections to said evidence were that same was hearsay, ex parte, and could not affect appellants' rights in this suit. The assignment must be sustained. Declarations, in the form of allegations, by Palermo in his suit against appellants, another and different suit to the instant case, were not admissible for any purpose against appellants by appellee. They did not point to or in any manner show admissions by appellants that could enhance or establish appellee's right to recover against appellants. Palermo testified as a witness, and his allegations in another suit against appellants could not be used as evidence to corroborate his testimony given on the stand as a witness. For greater reason, the testimony of his lawyer, who drew his petition in the other suit, was inadmissible. We think it should be stated that Palermo withdrew his suit very shortly after it was filed.

For the errors discussed, the judgment is reversed, and the cause remanded for another trial.