EX PARTE J. C. HODGES.

No. 7314.   Decided October 20, 1937.
Rehearing overruled November 24, 1937.
(109 S. W., 2d Series, 964.)

*E. T. Miller, Underwood, Johnson, Dooley & Huff,* and *R. A. Wilson,* all of Amarillo, for relator.

*Underwood & Strickland,* of Amarillo, for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original habeas corpus proceeding instituted in this Court by J. C. Hodges as relator. The record before us is rather meager, but for the purposes of this opinion we will conclude that the record discloses:

Muriel Blue Hodges, then the wife of relator, filed suit in the district court of Hutchinson County, Texas, against relator for divorce, for partition and division of certain property alleged to be community, for attorney's fees, for alimony pending the suit, and for costs. The prayer for alimony was not presented to or acted on by the district court until after final trial and judgment in the divorce case in that court. This matter will be more fully detailed later. The case was finally tried in the district court and Mrs. Hodges was awarded a divorce from relator as prayed for in her petition. She was also awarded a judgment for $250.00 as attorney's fees and for costs, but was denied any property recovery. The above judgment recites that Mrs. Hodges excepted thereto and gave notice of appeal therefrom to the Court of Civil Appeals at Amarillo. This appeal has been duly perfected by Mrs. Hodges by filing affidavit in forma pauperis. It is alleged in relator's application that by her assignments and briefs in the Court of Civil Appeals Mrs. Hodges is not seeking to question the validity or correctness of that part of the judgment of the district court granting her a divorce. In this regard it is alleged that she complains only of the amount of attorney's fees allowed her and of the rulings and judgment of the trial court as regards the property in dispute. It is also shown that the relator has perfected no appeal from the district court's judgment, and has not complained thereof in any way.

After the district court had rendered its judgment, and after the appeal therefrom to the Court of Civil Appeals had been fully perfected by Mrs. Hodges, she, for the first time, presented her petition for alimony to the district court. On hearing, the district court granted alimony in the sum of $60.00 per month, pending the final disposition of the case. Relator failed and refused to pay such alimony as directed by the district court.

Mrs. Hodges complained of such refusal and, after hearing before the district court, relator was held in contempt of that court and ordered committed to jail until he shall purge himself by paying to Mrs. Hodges or to her attorneys for her all accrued alimony. Relator applied to this Court for a writ of habeas corpus and same was granted and relator released on bail. The case in this Court has been duly submitted, briefed, and argued, and is now before us for decision. The divorce case is still pending in the Court of Civil Appeals at Amarillo.

■ It is settled as the law of this State that the district court has the power to make and enforce an alimony order pending a divorce action even after an appeal from the divorce judgment has been fully perfected to the Court of Civil Appeals. Ex parte Lohmuller, 103 Texas 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303.

■■ If we properly interpret their brief and written argument filed herein, counsel for relator contend that even if it should be held as a general rule the district court can make and enforce an alimony order in a divorce case while it is on appeal—still such can not be done in this case because Mrs. Hodges is in no position to complain in the appellate court of that part of the district court's judgment granting her a divorce from relator, and further because by her assignments and brief in such appeal she has not so complained. We can not follow this line of reasoning. This is a collateral attack on the district court's contempt order, and such an attack must fail unless such order is absolutely void. To hold that such order is void would be equivalent to holding that Mrs. Hodges is not now the wife of relator. In other words, to sustain relator's contention in this regard would be to hold that that part of the district court's judgment awarding her a divorce has become final and has not been appealed from. The record before us will not sustain such a ruling. An examination of the final judgment of the district court in the divorce suit affirmatively shows that when it was entered Mrs. Hodges excepted thereto and gave notice of appeal therefrom. In other words, she excepted and gave notice of appeal from the judgment as a whole, and not as to any particular part or parts thereof. She then perfected such appeal by the affidavit already described. We do not have before us copies of the appellant's assignments or briefs in such appeal, but regardless of what they may contain, the above record certainly operated to carry the entire original case to the Court of Civil Appeals. Davis v. State, 9 Texas Crim. App. 367, 257 S. W. 1099. It is true that the Court of Civil Appeals may affirm the part of the judgment granting the divorce. It is further true that Mrs.

Hodges may not and can not successfully attack that part of such judgment granting her a divorce. Nevertheless, the appeal above described has operated to suspend the entire district court judgment until the Court of Civil Appeals delivers its final judgment thereon. Davis v. State, supra; 15 Tex. Jur., p. 642, par. 147, and authorities there cited.

■ Relator cites, among other authorities, the case of Radford v. Radford, (Civ. App.) 42 S. W. (2d) 1060, as supporting his proposition that the part of the district court's judgment awarding Mrs. Hodges a divorce was final at the time these alimony and contempt proceedings were had. A reading of the opinion in that case shows that one John Radford sued his wife, Lizzie Radford, for a divorce. The case was tried in the district court, and John Radford was granted a divorce as prayed for by him. Later John Radford appealed the case by writ of error to the Court of Civil Appeals, and that court, among other rulings, held that the plaintiff could not be heard to claim nullity of a divorce decree in his favor, he having invoked the jurisdiction of the district court and asked its rendition. Such a holding was certainly not a ruling to the effect that the appellant had not appealed, but was merely a ruling that defeated his obtaining the relief sought thereby. To show conclusively that the Court of Civil Appeals regarded the district court's judgment as appealed from, it affirmed the same. This it would not have done if it had not been before them on appeal.

■ Relator contends that the order of the district court commanding him to pay alimony, and the order of the same court holding him in contempt for disobedience of such alimony order, are each and both void because entered in vacation. In this regard relator contends that a district court, as such, as well as the judge thereof, have no power to enter contempt orders in vacation unless there is statutory authority therefor. We agree with this latter contention as a general rule. In the case at bar the district court had express authority to enter the alimony order in vacation. Article 4637, R. C. S. of Texas, 1925. We think that it is the rule supported by the better authorities that in instances where there is statutory authority to make an order in vacation which can properly be enforced by contempt proceedings, the very authority to make the original order carries with it by necessary implication the statutory authority to enforce the same by contempt proceedings begun and completed in vacation. 13 C. J., p. 53, par. 72, and notes; 6 R. C. L., p. 518, par. 30, and notes. Also see notes under Ex parte Looper, Am. Ann. Cases, 1913B, p. 35.

Relator cites the case of Ex parte Ellis, 37 Texas Crim. Rep. 539, 40 S. W. 275, 66 Am. St. Rep. 831, as supporting his contention that a contempt order can not be entered in vacation. A reading of that opinion shows that the relator there was discharged for two reasons as set forth in the opinion, viz., (a), it was held that that part of the original judgment on which the contempt order was based was void for want of power or jurisdiction in the court to make it, and (b), it was held that the contempt order was void because made in vacation without statutory authority to then make it. We think the opinion in the Ellis case is correct when properly interpreted. In that case the part of the original judgment which Ellis refused to obey was utterly and absolutely void because of lack of power in the court to make it. This is true whether such order had been made in term time or in vacation. It follows that in the Ellis case there was no statutory authority for a contempt order in vacation. In other words, since the original order could not have been made in vacation the contempt order could not have been made in vacation. In the case at bar there was and is statutory authority for the making of the original alimony order either in term time or in vacation. It follows that since there was a statutory authority to make the alimony order in vacation there was statutory authority to enter the contempt order for disobedience of such alimony order in vacation. We note that in the case of Ex parte Looper, 61 Texas Crim. Rep. 129, 134 S. W. 345, Ann. Cas. 1913B, 32, the opinion attempts to overrule the holding in the Ellis case. We think the opinion in the Looper case demonstrates that the writer thereof misinterpreted the ruling in the Ellis case. A reading of the opinion in the Looper case shows that the contempt order there involved was for disobedience of an injunction, and was entered in vacation by express statutory authority. The statute then authorizing same was Article 3011, R. C. S. of Texas, 1895. The present article as regards injunctions is Article 4661, R. C. S. of Texas, 1925.

From what has been said it is evident that we hold that where the court has express statutory authority to enter an order in vacation which can be enforced by contempt proceedings, as an incident thereto, the court also has statutory authority to enter a contempt order for a disobedience thereof in vacation. In other words, the same statute which gives the court the power to act in the first instance, by necessary implication, gives him the power in the second.

Relator is remanded to the custody of the sheriff, and it is ordered that he shall pay all costs of this proceeding.

Opinion delivered October 20, 1937.

Rehearing overruled November 24, 1937.