WILLIAM D. BALLEW V. STATE

No. 27,540. April 13, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) June 1, 1955

E. T. Miller and Harold D. Sanderson, Amarillo, for appellant.

*Allen Harp,* District Attorney, Childress, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is rape; the punishment, five years.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary other than to observe that the issue of consent was closely drawn. The prosecutrix and the appellant were both married and both had children, but the prosecutrix was not living with her husband at the time in question. Both the participants testified that two acts of intercourse occurred on the night in question at different spots near the city of Memphis. Prosecutrix testified that the acts were effected by the use of force. The appellant testified that the acts occurred with prosecutrix' consent. Only the appellant, the prosecutrix and one Floyd Sims were present at the park at the time the first act occurred. The appellant and the prosecutrix were alone on the other side of town when the second act took place.

The state offered the witness Floyd Sims, who testified that he accompanied the appellant and the prosecutrix to the roadside park on the night in question and that he walked some distance away from the automobile, in which they remained. He was then asked if he did not hear the prosecutrix calling him, and he replied that "she called my name, or 'Help Floyd'" several times. At this juncture, while still on direct examination, without any plea of surprise and without showing that the witness' testimony was in anywise injurious to his cause, the district attorney asked the witness this question: "I will ask you whether or not you did not make a voluntary statement concerning this incident back there at the time you were arrested?" The appellant promptly objected, and such objection was then overruled. The witness was permitted to testify that he had made such a statement, and, further, that he had testified before the grand juries in Hall and Donley Counties. He was then asked: "Did you not say at that time, that when you were down at the table and the car was up here on the . . . stopped up here on the high ground in that part. . . ." Appellant's objection that the district attorney was reading from a statement was overruled, *and he was* then asked, "Didn't you say at that time in this statement that, 'I could hear them talking, and I heard Mildred call me three or four times for help?'" The witness answered, "I made that statement."

It is obvious from the above that the district attorney was reading from a statement taken from his own witness.

The witness had clearly stated no facts which were injurious to the state, who called him, and therefore the rule of surprise has no application in this case, which the state concedes.

We have concluded that the net effect of this manner of examination of the witness Floyd Sims was to place before the jury the hearsay declarations of the witness on an important issue in the case. If the prosecutrix consented to the act of intercourse, as appellant testified, then there would be no occasion for her to have called Sims for help. It will thus be seen that the state was permitted over strenuous objection to bolster the testimony of the only other witness present by proving that he had made a sworn statement two days after the incident and had testified before grand juries about prosecutrix' outcrys. We conclude that this was both an effective and improper method of bolstering the state's witness and calls for a reversal of this conviction. In Branch's Ann. P.C., sec. 182, p. 114, we find the following:

"It is error to permit the State to bolster up its witness by proof that the witness made the same or similar statements in harmony with his testimony on the present trial if such witness has not been attacked on the statements sought to be supported."

The judgment is reversed and the cause remanded.