Lecil Edward ACKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 40602.

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Rehearing Denied Dec. 6, 1967.

Spruiell, Lowry, Potter, Lasater & Guinn, by Charles F. Potter, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Milton G. Mell and Kenneth D. DeHart, Asst. Dist. Attys., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, 15 years.

Soon after the return of an indictment charging appellant with the offense for

which he is here convicted, appellant filed a motion with the Judge of the Court in which the indictment was returned asking for a speedy trial in which it was alleged that the State declined to agree upon a speedy trial without any valid reason.

Shortly thereafter the case was set for trial and on such date of trial the State filed a motion for continuance alleging that their only eye witness to the shooting was the wife of appellant and she was in the process of securing a divorce from him, upon the granting of which she would cease to be an incompetent witness and would be available to testify against appellant. This motion for continuance was overruled by the Court, whereupon the State filed a motion to dismiss the indictment in which the same ground as set forth in the motion for continuance was urged. In his order of dismissal, the trial judge gave the following as his reasons for dismissing the indictment:

"Lack of sufficient evidence at this time to obtain a conviction by virtue of the fact that the State's chief witness is incompetent to testify at this time; which have been heard by the Court; the Court is satisfied that the reasons so stated are good and sufficient to authorize such dismissal."

Some five weeks after the dismissal of the indictment, Mrs. Acker filed a motion to dismiss her divorce action against appellant and said motion was granted.

Some three months later, another indictment was returned in another District Court charging appellant with the same offense as was charged in the earlier indictment.

One month later, Mrs. Acker filed another petition for divorce against appellant, and the same was granted in due time.

During the next interval of time appellant was tried upon an indictment charging him with assaulting Mrs. Acker with intent to murder her, (The date alleged was the same

date as set forth in the murder indictment) and was by a jury acquitted.

In less than two months thereafter, the instant trial began. After appellant had plead to the indictment, a petition for writ of error and bond were filed in the divorce court in order to perfect an appeal of such judgment of divorce to the Court of Civil Appeals.

By motion in limine and by strenuous objection throughout the trial, appellant challenged the competency of Mrs. Acker to testify against him, alleging that the divorce judgment was not final, as the same was on appeal.

■ No new question is presented here. In Davis v. State, 96 Tex.Cr.R. 367, 257 S.W. 1099, the identical fact situation was before this Court and judgment was reversed because of the incompetency of the wife as a witness at the time of the trial.

■ The holding of this Court in Davis v. State, supra, seems to be in line with a well established rule. We quote from 97 C.J.S. Witnesses § 80, as follows:

"Where a decree of divorce is not final, as where there is a writ of error pending, the status of husband and wife continues as far as concerns their competency to testify. During the period after rendition of the decree and before a divorce becomes effective to change the status of the parties, the parties are husband and wife with respect to their competency to testify for or against each other."

See also Ex parte Hodges, Tex., 109 S.W. 2d 964.

We overrule the State's contention, not supported by authority, that since Mrs. Acker was a competent witness at the time appellant plead to the indictment, she remained competent throughout the trial.

■ We decline appellant's plea that this conviction be reversed and the prosecution

dismissed. Only 14 months elapsed between the return of the first indictment and the jury verdict in this case. There is no statute of limitation for the offense of murder in this State, and the reasoning of the Supreme Court of the United States in Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, has no direct application here.

As the Court did in Davis v. State, supra, we point out certain guidelines in the event of a future trial of such cause. Appellant's defense was that he was justified in shooting the deceased under Article 1220, Vernon's Ann.P.C., the adultery statute. He denied that he had ever threatened his wife (Mrs. Acker) or the deceased.

Mrs. Acker testified without objection on direct examination that during her marriage to appellant and long prior to the shooting, he had threatened to kill her and her former husband if he ever caught them together. She testified at this trial that appellant came to her home, found her former husband seated on the sofa in the living room, returned to his pickup, secured a .22 rifle and shot the deceased, causing his death. She was also shot in the melee, but apparently was not seriously injured. It will thus be seen that her account of how the homicide occurred coincided exactly with the threats she had attributed to appellant. Appellant's version of the shooting was diametrically opposed to such version.

On cross examination she was questioned about reconciliations she had had with appellant, all of which she admitted. She was then questioned about what fear had been engendered in her heart by these prior threats. She testified consistently throughout her lengthy cross and redirect examination that she feared appellant and had been under the influence of such fear for a long time prior to this shooting. Not once did she vary, nor was any evidence adduced from any other source indicating that she had voiced any lack of fear of appellant as the result of his threats.

After appellant had rested, the State was permitted over timely and strenuous objections to introduce into evidence portions of her petition for divorce filed after the shooting, in which it was alleged that appellant was a man of wild and ungovernable temper, was a vicious and mean person, had threatened her with serious bodily harm and placed her in great fear of her life. It was the State's position that the petition was admissible in rebuttal of the attempted impeachment "that she was in fear of the defendant."

■ Such bolstering testimony was not admissible because she had not been impeached. This Court in Morton v. State, Tex.Cr.App., 71 S.W. 281, held that it was error to bolster the testimony of a witness who had been subjected to vigorous cross examination and had not varied from his original account of what had transpired. No other evidence of an inconsistency in his utterances was offered.

In Satterwhite v. State, 77 Tex.Cr.R. 130, 177 S.W. 959, this Court said:

"If appellant had shown she had made contrary statements to her testimony on the witness stand, they might then introduce testimony sustaining her statement made at other and different times under legal principles. But that was not the case. * * * A rigid cross-examination of the witness does not authorize corroboration of the witness. *She must be placed in the attitude of having changed her testimony or testified differently now from what she had formerly stated.*"

In the relatively recent case of Ballew v. State, 161 Tex.Cr.R. 579, 279 S.W.2d 336, we said in reversing that conviction:

"It will thus be seen that the State was permitted over strenuous objection to bolster the testimony of the only other witness present by proving that he had made a sworn statement two days after the incident and had testified before grand juries about prosecutrix's outcries. We

conclude that this was both an effective and improper method of bolstering the State's witness and calls for a reversal of this conviction."

Still more recently in Lyons v. State, Tex. Cr.App., 388 S.W.2d 950, we said: "True, she was fully cross-examined by appellant * * * but she was not impeached."

■ It should also be noted that pleadings in another lawsuit have been held inadmissible as hearsay. Granata v. Mothner, Tex.Civ.App., 44 S.W.2d 817.

■ There is another reason why Mrs. Acker's petition for divorce should not have been admitted. Her testimony as stated, was that she had been afraid of appellant for a long time prior to the shooting. If she had in fact been impeached, this petition would still not have been admissible because the petition was not drawn until after the shooting and it was not admissible to corroborate her assertion of fear at an earlier time because the shooting had intervened. We quote from 140 A.L.R., p. 164, as follows:

"In order that the rule admitting evidence of declarations of an impeached witness if consistent with his testimony may be properly applied, and that the evidence admitted under it may furnish the foundation for some rational presumption in corroboration of the witness' credibility, *it should appear that there is real or substantial similarity in facts and circumstances between the sworn and unsworn statements.*"

For the reasons stated, the judgment is reversed, and the cause is remanded.

### CONCURRING OPINION

WOODLEY, Presiding Judge.

I concur in the disposition of the grounds of error set forth in the defendant's brief filed in the trial court, but not in the dicta relating to the admissibility at a future trial of the petition for divorce in rebuttal of impeachment or attempted impeachment of Mrs. Acker which is set out as a guideline for such future trial of appellant.

Whether a witness is impeached, and whether certain evidence is admissible for impeachment or constitutes improper bolstering, necessarily depends upon the evidence at the trial, not upon the record of a prior trial.

### OPINION
### ON STATE'S MOTION FOR REHEARING

DICE, Judge.

We have examined the record in the light of the state's motion for rehearing, and remain convinced that a proper disposition was made of the case in our opinion on original submission.

■ In view of the position taken by the state in its motion for rehearing that in the event of a reversal of the conviction appellant's plea of former acquittal which the jury found against him at the trial should not at a subsequent trial be again submitted, we point out that the effect of the reversal of the conviction, under the provisions of Art. 44.29, C.C.P., is that " * * the cause shall stand as it would have stood in case the new trial had been granted by the court below."

Art. 40.08, C.C.P., provides:

"The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place * * *."

While the jury found against appellant on his plea of former acquittal based upon a jury's verdict of not guilty at his trial for assault with intent to murder his wife, such would not preclude the plea from being again urged at a subsequent trial.

The state's motion for rehearing is overruled.