**Edward C. McWILLIAMS, Appellant,**

v.

**Ollie R. McWILLIAMS, Appellee.**

**No. 1280.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1975.

Sam Dawkins, Jr., Eastham & Meyer, Houston, for appellant.

Charles H. Waters, Jr., Liddell, Sapp, Zivley & Brown, Houston, for appellee.

TUNKS, Chief Justice.

This appeal arose out of a suit brought by appellant Edward C. McWilliams against his former wife, appellee Ollie R. McWilliams, to recover the amount of payments made by appellant on encumbrances on a farm awarded to appellee in their divorce. The parties were divorced by a decree announced on September 30, 1970 and signed by the trial judge on November 28, 1970. Mr. McWilliams appealed the divorce decree and posted a supersedeas bond. The decree was affirmed by the court of civil appeals, writ of error to the supreme court was denied, and motion for rehearing on the application for the writ of error was denied on September 13, 1971.

As part of the judgment for divorce, Mrs. McWilliams was awarded a farm in Fort Bend County "subject to all indebtedness and encumbrances against the said property for which the Petitioner (Mrs. McWilliams) shall hold the Respondent harmless for any and all liability and expenses incurred on account of the said indebtedness." During the pendency of his appeal from the divorce decree, appellant retained possession of the farm and made mortgage payments on November 23, 1970 and June 11, 1971 in amounts totaling $14,941.73. He alleges that during the time he retained possession of the farm, he accounted to appellee for all related income and expenses and derived no benefit from his use or occupancy of the property.

After writ of error was denied by the supreme court, appellant surrendered the farm to appellee and brought this action against her to recover the amount of the mortgage payments he made between the date the divorce decree was announced and the date it became final, in the sense that it was not further appealable, by virtue of denial of writ of error. Appellee did not controvert appellant's assertions that he made the payments, or the amount of the payments, or that he had accounted to appellee for all income from the property. Her answer set out defenses of res judicata, statute of limitations, and an allegation that since the divorce judgment had not become final until writ of error was denied, appellant was not entitled to reimbursement for mortgage payments he made prior to that date. The district court granted summary judgment for appellee on the basis of this latter defense, for the reason that "[s]aid decree, therefore, did not vest title in the real property described therein, in Ollie R. McWilliams, nor did it exonerate Edward C. McWilliams from liability for payments on said real property, until September 31, 1971." Appellant asserts on this appeal that the trial court erred as a matter of law in finding the divorce decree was effective only as of the date writ of error was denied.

■ The term "final judgment" applies differently in different contexts. A judgment is "final" for purposes of appellate

jurisdiction if it disposes of all issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.Sup.1966). The term "final judgment" is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata. *See* 4 McDonald, Texas Civil Practice, Judgments § 17.03.4 (1971).

"Final judgment" also applies when a judgment operates to finally vest rights as between the parties. In that context a decree appealed from by supersedeas, as was done in this case, does not become final or effective until the case is disposed of on appeal. *Bagby v. Bagby*, 186 S.W.2d 702, 708 (Tex.Civ.App.—Amarillo 1945, no writ); *Williams v. Williams*, 60 Tex.Civ.App. 179, 125 S.W. 937, 940 (1910, error dism.). Thus, the McWilliamses could not exercise the rights granted them by the divorce decree during the pendency of the appeal: in that sense, the decree took effect when the appeal was exhausted.

 This does not mean, however, that the trial court's judgment, having been finally affirmed on appeal, was effective only from the date of affirmance. The effect of the appeal and supersedeas were to prevent execution of the trial court judgment *pending disposal of the appeal. Davis v. State*, 96 Tex.Cr.R. 367, 257 S.W. 1099, 1100 (1924). The effect of affirmance was to implement the rights of the parties as they were determined by the trial court at the time its judgment was rendered.

> There can be no doubt that a person who has obtained a judgment afterwards affirmed on appeal is entitled to all the benefits that would have resulted from it had there been no appeal, for the affirmance gives effect to the original judgment . . . .

*Texas Trunk R. R. v. Jackson*, 85 Tex. 605, 22 S.W. 1030, 1031 (1898). Although the parties were prevented from exercising the rights they had obtained in the trial court judgment until it was ultimately affirmed,

affirmance of that judgment neither altered those rights nor affected their application from the time they were determined. *Beyer v. Templeton*, 147 Tex. 94, 212 S.W.2d 134, 139 (1948); *Yale v. Heard*, 26 Tex. 639, 640–41 (1863).

 The record reflects that an issue was raised concerning the actual date of rendition of the trial court's judgment of divorce. In addition, determination of the liabilities of both parties which arose during the pendency of appeal may also involve fact issues. For these reasons, as well as the trial court's error in determining the effective date of the divorce decree, the summary judgment is reversed, and the cause is remanded for trial.

Reversed and remanded.