Lee Roy BELZ and Herbert W. Belz, Appellants,

v.

Barbara Louise BELZ, Appellee.

No. 05–82–00111–CV.

Court of Appeals of Texas, Dallas.

July 9, 1982.

Philip S. Barker, Barker & Johnson, Dallas, for appellants.

Robert C. Sullivan, Dallas, for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

AKIN, Justice.

■ In this writ of prohibition relator, Lee Belz, seeks an order from this court directing respondent, Barbara Belz, to cease and to desist from filing or prosecuting any action, and directing the Honorable Linda Thomas, Judge of the 256th Judicial District Court, to cease and to desist from entertaining any action concerning orders of the trial court rendered after the final judgment of divorce and after the trial court lost jurisdiction of that judgment. We hold that the trial court has jurisdiction to render and to enforce an order for temporary spousal support even after an appeal from the divorce judgment has been fully perfected to the Court of Appeals. Consequently, we deny relator's writ of prohibition.

A judgment of divorce was rendered on November 5, 1981, dissolving the marriage and ordering a division of property between relator and respondent. Relator filed a motion for new trial on December 4, 1981, which was overruled on December 16, 1981. On January 18, 1982, relator perfected his appeal to this court without limiting it pursuant to Tex. R. Civ. P. 353. On March 17, 1982, a visiting trial judge rendered an order ordering relator to pay $650 per month to respondent as spousal support during the pendency of the appeal. On April 26, 1982, respondent filed a motion for contempt against relator for failing to pay the temporary spousal support. Relator now has filed this writ of prohibition to prevent respondent and the trial judge from proceeding on the motion for contempt on the ground that the visiting trial judge lacked jurisdiction to render the order for temporary spousal support.

■ Tex. R. Civ. P. 329b provides that the trial court may grant a new trial, or vacate, modify, correct or reform the judgment within thirty days after the judgment is signed. Once the thirty days has expired, however, the judgment becomes final and the trial court loses jurisdiction over the case and may not change or modify the judgment. *Sanchez v. Sanchez,* 609 S.W.2d 307, 308 (Tex. Civ. App.—El Paso 1980, no writ); *Eubanks v. Hand,* 578 S.W.2d 515, 517 (Tex. Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.); *Ex parte Trick,* 576 S.W.2d 437, 439 (Tex. Civ. App.—San Antonio 1978, no writ).

■ An exception to this general rule exists in appeals from decrees of divorce. In divorce cases, the district court has the power to render and to enforce an alimony order pending a divorce action even after an appeal from the divorce judgment has been fully perfected to the Court of Appeals. *Ex parte Hodges,* 130 Tex. 280, 109 S.W.2d 964, 965 (1937). *See Ex parte Lohmuller,* 103 Tex. 474, 129 S.W. 834 (1910); *Ex parte Scott,* 133 Tex. 1, 123 S.W.2d 306, 310 (1939). Thus, although the decree of divorce became final on December 16, 1981, and appeal was perfected on January 18, 1982, the trial judge still had the authority to render the alimony order of March 17, 1982, and the power to enforce that order through contempt proceedings. Consequently, relator's petition for a writ of prohibition is denied.