ALFRED JOE HENSON V. STATE

No. 27,300. January 12, 1955.
Rehearing Denied (Without Written Opinion) March 9, 1955.

*Pat Beene* and *J. Ray Martin*, by *J. Ray Martin*, Snyder, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated, a trial by jury having resulted in the return of the following verdict:

"We the Jury find the Defendant, Alfred Joe Henson, Guilty as charged.

"C. E. Ray

"Foreman of the Jury

"(Answer only in case you find the Defendant Guilty.)

"We assess the punishment of the Defendant at: $50.00. We recommend that the jail sentence be commuted to a probation period of six months.

"C. E. Ray

"Foreman of the Jury."

This verdict was received, and became the basis of the judgment rendered by the court adjudging appellant guilty; ordering the recovery of a $50 fine and costs and adjudging that he be confined in jail for 3 days but ordering "that the said jail sentence be commuted to a probation period of six (6) months."

The amendment of Art. 802 V.A.P.C., providing for a compulsory jail term, became effective August 25th, 1953. Its validity, eliminating the provision for commutation and probation, was upheld in Gilderbloom v. State, 160 Texas Cr. Rep. 471, 272 S.W. 2d 106.

The offense for which appellant stands convicted is alleged to have been committed on or about November 1st, 1953. The court, in his charge, instructed the jury that the punishment to be assessed upon conviction should be "by confinement in the County Jail for not less than three (3) days nor more than two (2) years, and by a fine of not less than Fifty Dollars ($50.00) nor more than Five Hundred Dollars ($500.00)," and also informed the jury that "the presiding judge may in his discretion

commute the jail sentence to a probation period of not less than six months."

The punishment to be assessed was for the jury, and the trial court was without authority to complete the verdict and assess a jail term in addition to the fine assessed by the jury. Nor was the verdict of the jury assessing a fine only sufficient to form the basis of a judgment of conviction, the punishment therein assessed not being in compliance with the court's charge and the statute.

The judgment is reversed and the cause remanded.