## MARGARET PRIEST V. STATE

No. 27,663. October 5, 1955

*James H. Martin* and *Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *James Allen, William Alexander, Geo. P. Blackburn,* and *Chas. S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is theft from the person; the punishment, seven years in the penitentiary.

The injured party testified that he registered at a suburban motel; then went downtown and, while walking along the street, was spoken to by appellant who was in an automobile; that at her suggestion, he got in the car and after they talked a few minutes, she drove a short distance and parked in a secluded place; that she complained of her home life being neglected, unzipped his trousers, straddled his body, and began fondling his body and private parts; that after an intimate, amorous experience between them, they agreed to go to his room at the motel and upon arrival in front of the motel, she stated that the

manager of the motel knew her and for him to go to his room and she would come later; that upon his leaving the car, she suddenly sped away causing him to immediately examine his purse which disclosed that his money was gone. He further testified that immediately before he got in the car with appellant he had $170.00 in money in his purse which he was carrying in his hip pocket, and that immediately after appellant let him out of her car all of this money was gone which was taken from his person without his knowledge and consent.

Appellant did not testify or offer any testimony in her behalf.

In connection with the identification of the appellant, the injured party testified that he reported his loss to the police and gave them a description of the appellant, and on further examination by the state as to whether the police showed him anything at the time he made the report, replied that "Mr. Lord (policeman) showed me a file of known pickpockets." To which answer appellant objected on the ground that it was highly prejudicial, inflammatory and prevented a fair trial, and requested a mistrial because the answer revealed to the jury that appellant was a police character and that her photograph was among those of known pickpockets and such information could not be erased from the jury's mind by any instruction on the part of the court. This motion for a mistrial was overruled and appellant excepted.

The state, on further examination of the injured party, again inquired if Policeman Lord showed him anything and he replied that "Officer Lord showed me the police files on Margaret Priest (appellant) and I identified a picture of her." Appellant's objection thereto was sustained, and the jury was instructed to disregard the answer of the witness. Appellant then moved for a mistrial on the ground that the witness' answer was so highly prejudicial and inflammatory that she could not get a fair trial, and that any instruction to the jury by the court could not erase the prejudice thereby created. The motion was overruled and appellant excepted. The state further asked said witness if he examined a number of photographs of women in the presence of Officer Lord and, on exception thereto, it was sustained and the jury was instructed not to consider the question.

Appellant further complains of the state's argument to the jury that the injured party went to the city hall and told his story to Officer Lord and "after talking there to T. T. Lord

(policeman) he learned the true identity of Margaret Priest." Appellant's objection thereto was sustained and the jury was instructed not to consider said argument.

Appellant contends that said questions, answers, and jury argument were of such highly prejudicial nature that the court could not effectively withdraw them from the minds of the jury, therefore this cause should be reversed.

The court was correct in its rulings sustaining appellant's objections to questions and answers concerning photographs and police files and jury argument and in instructing the jury to disregard them. Such inquiries were inadmissible as they inferred that appellant was a criminal generally and had committed other extraneous offenses. The argument and inquiries by the state implied that the appellant was a known pickpocket and had before committed offenses like the one here charged. It is plainly obvious that said questions, answers, and argument were highly inflammatory and prejudicial. Notwithstanding the court's rulings and instructions, the jury could not wholly disregard and keep such testimony out of mind. The effect of these matters on the jury is evidenced by the maximum penalty being assessed against the appellant. In the light of the entire record, we do not feel warranted in saying that the above matters complained of did not prejudicially affect the rights of the appellant. Salinas v. State, 146 Texas Cr. R. 358, 175 S.W. 2d 253; West v. State, 137 Texas Cr. R. 554, 132 S.W. 2d 872; 18 Texas Jur. 53, sec. 31.

From what has been said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

Opinion approved by the Court.