CLARENCE HENDERSON V. STATE

No. 33,551.   June 14, 1961

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 15 years.

The evidence was undisputed that, on the date alleged, the appellant killed the deceased by shooting him with a gun. The homicide occurred in the city of Paducah near a cafe which was operated by appellant. Prior to the killing, appellant and the deceased had engaged in a fist fight inside appellant's cafe. The deceased's wife, upon being notified of the fight, came to the cafe and accompanied the deceased outside to their automobile to go home. After the deceased had gotten in the automobile, and, while sitting in the front seat, appellant came out of the cafe with a .22 calibre rifle and proceeded to the corner of another nearby cafe where he fired four shots in the direction of the deceased. An examination of the deceased's body after the shooting revealed three gun shot wounds, one between the eyes, one in the right shoulder, and the other between the navel

and arm pit. It was shown that, at the time of the shooting, the deceased was unarmed and that there was no gun or knife in the automobile in which he was seated.

As a witness in his own behalf, appellant testified that, prior to the shooting, the deceased had come to his cafe and started the fight with him; that, when the fight terminated, the deceased said to him "now you go and get your gun, I'm going to get mine"; that, when the deceased left, appellant got his gun and went outside where he saw the deceased seated in the automobile "trying to get something out from under the steering wheel"; and that, when the deceased "raised up", appellant shot three times, thinking that he was getting a gun from under the seat. Appellant testified that, at such time, he believed deceased was going to kill him and that he was in fear for his life. Appellant further testified in support of his application for suspended sentence that he had never been convicted of a felony in this or any other state.

The court, in submitting the issue of appellant's guilt to the jury, charged the jury on appellant's right of self defense and submitted to them the issue of suspended sentence.

The jury by their verdict resolved the issues against appellant and we find the evidence sufficient to sustain their verdict.

The record contains no formal bills of exception and there are no objections to the court's charge. No brief has been filed on behalf of appellant.

The informal bills of exception appearing in the statement of facts have been considered and do not reflect reversible error.

The judgment is affirmed.

Opinon approved by the Court.