JACKIE LLOYD HICKS V. STATE

No. 34,120. February 14, 1962
State's Motion for Rehearing Overruled March 28, 1962

WOODLEY, Presiding Judge, dissented.

*Edward T. Miller,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jerome V. Chamberlain, Jr., George Milner, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is robbery by assault; the punishment, 60 years in the penitentiary.

In view of our disposition of this appeal, we shall not discuss the facts of the case.

Appellant did not testify nor call any witnesses in his own behalf.

This appeal will be disposed of on appellant's contention that the court's failure to grant a mistrial, based upon a police officer's testimony about appellant's prior police record, was prejudicial error.

While Officer Pat Stroud was testifying as a witness for the State, on direct examination, he stated that he recognized the three men involved in the robbery, and, in answer to the question "Did you know Arthur Ted Bell, Jackie Lloyd Hicks, and Jimmy Kirk on November 22, 1960, Mr. Stroud?" the witness replied, *"I was familiar with their mug shots, which I looked at sometime * * *."* At this time, an objection was taken and request for a mistrial made. The court sustained the objection and told the jury to disregard the answer and overruled the motion for mistrial.

It is the State's contention that the answer was harmless, that it was not responsive to the question asked. The State also contends that there is no showing that the mere fact that the officer was familiar with appellant's "mug shot" is indicative that appellant had a prior police record. The State relies upon Sapet v. State, 159 Texas Cr. Rep. 620, 266 S.W. 154; Ramsey v. State, 165 Texas Cr. Rep. 409, 308 S.W. 2d 26; and Bolick v. State, 165 Texas Cr. Rep. 493, 309 S.W. 2d 74. We have carefully examined all of these cases, none of them being in point.

We might not be confronted with this problem had the jury abided by the trial court's instruction and disregarded the answer. In viewing the statement of facts in the motion for new trial, we find that juror Balentine referred to Officer Stroud's testimony about the "mug shot" during the jury's deliberations, that the foreman warned "We are not supposed to discuss that," when "mug shot" was mentioned, but that the discussion was already had prior to the warning being given by the foreman. Juror Bobbie D. White testified that he recalled that the judge had instructed them not to consider any such statement and that the foreman's remark ended the discussion. Juror J. L. Riddle, called by the State as a witness on the motion for new trial, testified that he heard one of the members of the jury say something about a "mug shot" but that Mr. Houck, the jury foreman, told them not to consider that. Juror Riddle further related that after the statement had already been made the foreman reminded them not to say anything about it. Juror Alton Bass testified that he heard a discussion about a "mug book".

In measuring the prejudicial effect upon the appellant of the inadmissible testimony that was voluntarily placed before the jury by the officer's inadvertent statement, and the failure of the jury to abide by the court's instruction to disregard the answer given by Officer Stroud, it is clear to us that when four jurors testified that mention was made in their deliberations of this testimony, the jury gave consideration to said testimony. We have here a case of a jury considering the appellant's character when it had not been put in issue, giving consideration to a statement implying strongly that the appellant had been in previous trouble, when no evidence was introduced showing any previous acts of misconduct or law violation.

In Priest v. State, 162 Texas Cr. Rep. 66, 282 S.W. 2d 390, we held that evidence similar to that in the case at bar was so highly prejudicial that it could not be cured by the court's instruction to the jury to disregard it. Here, we have a positive showing that the jury did consider such inadmissible and highly prejudicial evidence in disregard of the court's instruction, plus the uncontroverted evidence that at least two of the jurors (Balentine and Rose) voted to increase the punishment after consideration of such evidence, which clearly shows injury to the appellant. Price v. State, 150 Texas Cr. Rep. 161, 199 S.W. 2d 168, and Jackson v. State, 157 Texas Cr. Rep. 323, 248 S.W. 2d 748.

Because the trial court erred in refusing to grant a new trial, the judgment is reversed and the cause remanded.

WOODLEY, Presiding Judge, dissenting.

Jury misconduct is one of the grounds upon which reversal of this conviction is sought. The court's refusal to order a mistrial when Officer Stroud gave the unresponsive answer that he was familiar with mug shots of appellant and two others involved in the robbery is another.

The majority opinion does not reverse upon either but couples the two claims of error.

It is my view that the trial court did not err in overruling appellant's motion for mistrial, and did not err in overruling his motion for new trial based upon claimed misconduct of the jury. If this be so, the two claimed errors do not together show reversible error.