## GENE MONASCO V. STATE

No. 34,650.   June 30, 1962

*Gene Ater,* Odessa, for appellant.

*Jack Tidwell,* District Attorney, Odessa, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the breaking and entry of an automobile for the purpose of committing theft (Article 1404b, V.A.P.C., as amended Acts 1955, page 351) ; the punishment, two years.

The 1958 Chevrolet automobile owned by Gordon L. Shirley was parked and locked by the owner at the Bruce Courts in Odessa. The next morning, it was discovered that the automobile had been broken into and various items of personal apparel had

been removed. Mr. Shirley's army trench coat and a personal check book were among the items missing.

About 2:10 A.M. appellant was seen by Officer Fillyaw about a block and a half from the Bruce Courts. He was with another man, and they were carrying some clothes. The officer testified that appellant had several items of clothing: "I particularly noticed a trench coat, a pink army type trench * * * ."

The investigation which followed the report of the breaking and entry of the automobile led the officers to the Golder Hotel in Odessa, where the room of appellant was pointed out. Appellant was not present. A warrant of arrest was issued, and officers again went to the hotel and waited until appellant returned. He was arrested and consented to the search of his room.

The trench coat missing from the automobile was found in the closet of appellant's room. In a pocket of the coat was found the personal check book of Mr. Shirley.

Appellant's first claim of error is "The trial court erred in not granting defendant's motion to strike all testimony relating to any evidence found in the room of the defendant as such information was obtained as the result of an illegal search and thus was inadmissible."

Police Captain James Johnson testified that he first saw appellant at the Golder Hotel between five and six o'clock in the afternoon, and talked with him, and that with his permission he entered appellant's room, searched it and found the trench coat and check book which were introduced in evidence. On cross-examination, Captain Johnson testified that he went to the Golder Hotel about 2:00 P.M., talked to the manager and found out appellant lived there and returned to the station; that about 5:00 P.M., after detective Fred Johnson filed on appellant and a warrant of arrest was issued, he went back and parked across the street, where he waited for over an hour. Captain Johnson denied that he went in appellant's room the first time he went to the hotel.

The trial court properly overruled appellant's request that the evidence relating to the search be discarded because he was under arrest and, therefore, incapable of giving his permission for a search of his home. Feather v. State, 169 Texas Cr. Rep. 334, 333 S.W. 2d 851; Sikes v. State, 169 Texas Cr. Rep. 443, 334

S.W. 2d 440; Graves v. State, 169 Texas Cr. Rep. 595, 336 S.W. 2d 156; Henderson v. State, 171 Texas Cr. Rep. 244, 353 S.W. 2d 226; and Meza v. State, No. 34,686, 172 Texas Cr. Rep. 544.

After the State rested, Captain Johnson was recalled by appellant's counsel and testified that he did not learn that a top coat was in the closet by him or his companion going into appellant's room during his absence. Appellant then called William B. Jackson, who assisted in the management of the Golder Hotel, who testified that he designated to the officers the room of appellant, and that Captain Johnson walked in and opened the closet door and looked in the closet and said, "There is a gabardine coat."

Following the testimony of Mr. Jackson, appellant's counsel moved for an instructed verdict "based upon the evidence produced in court that an illegal search was made of the defendant's room without his consent and prior to the issuance of a warrant for his arrest, and without a search warrant." The motion was overruled and exception was reserved.

We do not agree that the motion for instructed verdict may be considered as a motion to exclude the evidence relating to the recovery of the stolen property admitted without proper objection. The fruits of the search were admitted in evidence without any valid objection being leveled thereto. 23 Texas Jur. 2d 227. In developing his own defense, appellant called a witness who attempted to raise an issue as to the legality of the search. Only after this evidence was produced was appellant heard to complain and that by means of an instructed verdict, which was clearly improper. If Mr. Jackson's testimony did raise an issue as to the legality of the search, the issue should have been submitted to the jury, as appellant requested. However, it does not appear that exception was reserved to the court's failure to submit the issue. See Smith v. State, 166 Texas Cr. Rep. 294, 313 S.W. 2d 291, and cases there cited.

Our holding that the evidence relating to the search was properly before the court disposes of appellant's contention that without such evidence his motion for instructed verdict was improperly overruled.

The remaining claim for reversal relates to the overruling of appellant's motion for mistrial after Captain Johnson, upon being asked what happened when he first saw appellant in the hall on

the second floor of the Golder Hotel, answered, "I told Mr. Monasco, I knew him by pictures in our identification * * * ."

The trial court instructed the jury to disregard the statement, but overruled appellant's motion that a mistrial be declared.

The failure of the trial court to declare a mistrial does not call for reversal. Ramsey v. State, 165 Texas Cr. Rep. 409, 308 S.W. 2d 26, supports such holding.

The facts distinguish this case from the recent case of Hicks v. State, 172 Texas Cr. Rep. 195, 355 S.W. 2d 189, where there was evidence that the jury considered the witness's statement that had been withdrawn by the court.

The judgment is affirmed.