Bobby Dean GRAY and Richard D. Smith,
Appellants,

v.

The STATE of Texas, Appellee.

No. 36241.

Court of Criminal Appeals of Texas.

Nov. 27, 1963.

Rehearing Denied Jan. 15, 1964.

Jack D. Bodiford, Houston, for appellants.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery; appellants were tried jointly, and the punishment in each case was assessed at 45 years.

Annie Jackson, a maid in the employ of Mr. and Mrs. C. P. Kegans, testified that she was alone at their home on the afternoon when Appellant Smith came to the back door and inquired if it was Mrs. Kegans' residence; when she replied in the affirmative, Appellant Gray came into view and, armed with a pistol, ordered her not to make an outcry, and directed her into a closet, where she remained as Appellant Gray roamed around the house. She testified that after they left, she called both her employers and the police to report the incident. She identified both the appellants.

Mr. Kegans testified that he received a call from Annie at the time mentioned in her testimony and that when he reached his house, discovered that certain guns which had been in his house were missing and identified the guns recovered by the police as being his.

Sol Platt testified that appellants entered his pawnshop on the afternoon of the day in question and Appellant Gray attempted to pawn him a .22 caliber J. C. Higgins rifle, that he refused to accept the same in pawn and appellants left together, at which time he noted the license number of their automobile and alerted the police.

John T. Franklin, the owner of a repair shop, testified that Appellant Smith

left a rifle with him on the day in question and that Officer Mackey, in company with Smith, returned later and took possession thereof.

Officer Mackey testified that he interrogated Appellant Smith on the day following the incident and as a result of that, he recovered a .22 caliber J. C. Higgins rifle from Mr. Franklin and a .12 gauge shotgun from the home of Otis McGowan, following which he secured from Smith a written confession which was introduced in evidence and in which he recited the taking of the weapons at gun point from a colored maid, the disposing of the rifle to Mr. Franklin while Gray disposed of the shot gun and the splitting of the combined proceeds. He further testified that on the next day he arrested Appellant Gray, who was armed with a pistol, and secured from him a confession which is substantially the same as the one secured from Smith and in which Gray recites that Smith disposed of the rifle and he disposed of the shotgun.

Both appellants testified in their own behalf and admitted getting the guns in question and disposing of the same, but denied the truth of that portion of their confessions which recites that they took the same from Annie Jackson at gun point. Smith stated that his wife had formerly worked for the Kegans as a maid and that Annie Jackson voluntarily delivered the guns to Gray and that she had instructed Gray to sell or pawn the guns and return with her half of the money. Gray testified that he had been going with Annie Jackson for some time, that she had told him that her employer had given her some guns which she might sell and keep the proceeds, and that she proposed to split the profits from such sale with Gray for selling the same. Both testified that they were not given the statutory warning before the confessions were made. Neither appellant stated that Annie Jackson ever got any of the money in question.

Annie Jackson was recalled and denied that she had ever known either of the appellants or that she voluntarily surrendered the guns to them. Officer Mackey testified that he gave each appellant the proper statutory warning both before the statements were made and before they were signed.

The jury resolved the disputed issue of fact against the appellants; we find the evidence sufficient to sustain the convictions and shall discuss the questions raised on appeal.

They first contend that the court erred in permitting Officer Mackey to read to the jury the printed warning which appeared at the beginning of the confessions prior to their introduction in evidence. No formal bills of exception appear in the record. If the record may be construed to show that the warnings were read to the jury prior to the introduction of the instruments, then the sole purpose in so doing was to show that the confessions were admissible. Each entire statement including the warning was ultimately read to the jury. We perceive no error in the above.

The next question is more serious. Officer Mackey was asked where he had first seen the Appellant Smith during the course of his investigation of the crime. He replied, "I myself got him out of the Jail Division on the fifth floor of the Police Station, where he had been arrested in another case." The court on his own motion instructed the jury to disregard the answer, but declined to grant a mistrial. No matter how reprehensible such an answer may have been, coming from an experienced police officer, we must determine if it constitutes reversible error in the case at bar. Appellants called as a witness in their own behalf one Walter Ricks, who testified that Annie Jackson was his girl friend. He was then asked if he knew the appellants and replied without objection that he had known them by being in jail with them. As to when he was in jail with them is not shown. Also, Appellant Gray volunteered the information that he had

spent the period from June until September in jail.

In view of this testimony from one appellant and a witness called in behalf of each of them, we have concluded that reversible error is not reflected by the unresponsive answer of the officer. Moseley v. State, 158 Tex.Cr.R. 578, 258 S.W.2d 331; Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W.2d 208; Ramsey v. State, 165 Tex.Cr.R. 409, 308 S.W.2d 26.

Finding no reversible error, the judgment is affirmed.