**Pablo FRANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38992.**

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied April 6, 1966.

Murray J. Howze, Monahans, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary; the punishment, three years.

Emilia Talamentez testified that in September, 1964, she was the owner and operator of a bar in which she sold beer and cigarettes, and that she closed the building about midnight by closing and locking the doors; that on closing she always left a light on in the building; that in September, 1964, the building was forcibly entered by breaking the lock on the door, and that she did not give anyone her consent to break and enter the building or to take any property therein.

Officer Lackey testified that he checked Emilia Talamentez's bar building, in which a light was on, within a few minutes after it was closed; that while on patrol about 2:50 a. m., September 15, 1964, he noticed the light in the bar was out, and when he shined a light into a window he saw a man start out the door, and then shined the light on the man, who stopped and looked toward him, and he recognized that it was the appellant, whom he had known for some time; that the appellant ran around the rear of the building and escaped. He further testified that the cigarette machine in the bar had been broken into and its "change" box was empty, there was fresh damage to the juke box, and the ice box was open.

The appellant did not testify but offered testimony that he was in another town at the time of the burglary as alleged.

In rebuttal the state re-called Emilia Talamentez and she testified that she saw the appellant in front of her bar at 11:30 p. m., before the building was broken into later that night.

During the direct examination of Patrolman Lackey of Pecos, who testified that he saw the appellant in the bar, he was asked by state's counsel and answered as follows:

"Q Had you ever seen this man before?

"A Yes, I've handled him numerous times previously."

The answer of the witness, in part, was not responsive to the question. No motion or request was made to have the answer or any portion of it stricken. Appellant moved for a mistrial and excepted when it was overruled.

The court at its own instance then instructed the jury not to consider the answer of the witness for any purpose.

It is insisted that the statement of the patrolman was so prejudicial that it would not be removed by the instruction not to consider the answer and that a mistrial should have been granted.

 In light of the facts here presented, it is concluded that no reversible error is shown. Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W.2d 208; Campbell v. State, Tex.Cr.App., 373 S.W.2d 747.

It is contended that the trial court erred in admitting in evidence the complaint filed in justice court against him by Patrolman Lackey prior to indictment because it was hearsay; and that the trial court again erred in refusing his motion for a mistrial on admitting the testimony of the county attorney, that the complaint exhibited to him, was signed by Patrolman Lackey on September 15, 1964, charging the appellant with burglary, on the ground that it was hearsay and prejudicial.

The identification of the appellant as the person who committed the burglary as alleged rests solely upon the testimony of Patrolman Lackey. On cross-examination of Lackey, the appellant examined closely his ability to recognize him at the bar, and to positively identify him at the trial as the person he saw at the bar and who escaped. When first asked on cross-examination if he filed a complaint against appellant with burglary, was admissible as bearnext said he did not remember. Then appellant's counsel asked Lackey if it was customary to file a complaint against a person when he was caught breaking into a building, and he answered "Yes," and further said that he did not believe that he filed one in this case. Next, appellant asked Lackey if he could be mistaken in his identification of the appellant and he replied "No."

 The testimony of the county attorney that the complaint exhibited to him was verified by Lackey before him, and was dated September 15, 1964, charging appellant, Lackey said he believed he did, and ing on this issue, raised by the appellant, as to the identification of the appellant by Lackey. Further, there is no evidence that the complaint was read before the jury or

that they saw its contents. No error is presented.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.