**Theodore James IVORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41384.**

Court of Criminal Appeals of Texas.

July 17, 1968.

Jack Hampton, Dallas (court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is Robbery with Firearms; the punishment, 25 years.

Appellant's sole ground of error arises from the following testimony given at appellant's trial by Officer Poe of the Dallas police:

"Q. (By the prosecuting attorney) And I'll ask you if as a result of your conversation with Mr. Rogers you had occasion to call Mr. Wylie who is the actual owner of that station?

A. Yes, I did.

Q. And as a result of contacting Mr. Wylie and talking with Mr. Rogers and in investigating the areas in the location in that area, were you able to determine a name?

A. Yes, sir.

Q. For the description of the man who had robbed Mr. Rogers?

A. Yes, I did.

Q. And what was the name of the man that you found, please, sir?

A. We got the name of Theodore James Searcy or Theodore James Ivory.

Q. And what did you do next after you were able to determine the man's name, what did you do next in your investigation of this case?

A. *We went to the station and checked his records* [1] and got a picture of this suspect"

At this juncture appellant objected, which objection was by the court sustained. Appellant then moved for a mistrial. This the court overruled instructing the jury at the same time not to consider "the answer of the witness saying he checked the records".

Appellant's ground of error is that "it is obvious that the 'records' being checked by the officer was the (appellant's) criminal record" and that the court should have granted a mistrial.

In support of his contention, appellant cites us to Hicks v. State, 172 Tex.Cr.R. 195, 355 S.W.2d 189, and Priest v. State, 162 Tex.Cr.R. 66, 282 S.W.2d 390, wherein we held the phrases "(he) was familiar with the mug shots (of appellant), which (he) looked at sometime—" and "(a policeman) showed me a file of known pickpockets" were so prejudicial that an instruction to the jury to disregard them was ineffective and a mistrial was required.

In Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W.2d 208, we said:

"The remaining claim for reversal relates to the overruling of appellant's motion for mistrial after Captain Johnson (a policeman), upon being asked what happened when he first saw appellant in the hall on the second floor of the Golder Hotel, answered, 'I told Mr. Monasco, I

---

[1]. It is observed that the offense occurred at a gasoline station and that throughout the trial the terms "filling station", "service station" and "station" were used and that nowhere was the term "police record" or "criminal record" mentioned.

knew him by the pictures in our identification * * *.'

"The trial court instructed the jury to disregard the statement, but overruled appellant's motion that a mistrial be declared.

"The failure of the trial court to declare a mistrial does not call for reversal. Ramsey v. State, 165 Tex.Cr.R. 409, 308 S.W.2d 26, supports such holding."

In Ramsey, supra, the following occurred:

"During the direct examination of the officer who arrested appellant at his residence, he was asked by the state's counsel as to what occurred at the time of the arrest. The officer replied:

'We had looked in our records to locate his address, and we found—'

"Appellant's counsel objected to the answer, insisting that it showed appellant had a record with the police department as a criminal.

"The trial court immediately sustained the objection and instructed the jury not to consider the statement for any purpose.

"Appellant insists that the statement of the officer was so prejudicial as that it could not be removed by the instruction not to consider and that a mistrial should have been granted.

"In the light of the facts here presented, we are unwilling to say that prejudice to the appellant was reflected."

We further note that after Officer Poe testified as quoted above, appellant took the stand and admitted having a criminal record. In Cook v. State, Tex.Cr.App., 409 S.W.2d 857, we said:

"It is a general rule that an accused cannot complain of the admission of testimony when he later testified on direct examination to substantially the same facts."

Cook, supra, and the authorities collated at 13A Tex.Dig., Criminal Law ⊕1169(3) authorize affirmance of this case.

The judgment of the trial court is affirmed.