**Guy Everett STILWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41619.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Thomas V. Priolo, Amarillo, for appellant.

Naomi Harney, County Atty., Franklin Killough, Asst. County Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is driving while intoxicated upon a public highway; the punishment, 3 days in jail and a fine of $50.00. Upon the recommendation of the jury, the appellant was placed on misdemeanor probation for 4 months by the court. Article 42.13, Vernon's Ann.C.C.P.

Initially, appellant contends the trial court erred in denying his motion for mistrial following the unresponsive answer of a police officer witness which injected a highly prejudicial extraneous offense into the case (Article 483, V.A.P.C.).

Amarillo City Police Officer Bernard Richard Lee Reid was not the arresting officer but testified that he carried appellant from the scene of the arrest to the police station. He related that in his opinion the appellant was intoxicated and had "passed out" and had to be assisted into the police station. Reid was thoroughly interrogated on both direct and cross-examination as to appellant's physical condition and coordination at the police station.

On re-direct examination Reid was asked by the prosecutor:

"Q. (By Mr. Poff) You said his coordination was poor. Did he ever drop anything?

"A. Well, when we got him up in the booking room when he set back down a switch-blade knife fell out of his blue jeans pocket.

"Q. Did he try to pick it up?

"MR. PRIOLO: Your Honor, I am going to ask for a mistrial. I am going to ask that the jury be excused. I want to state an objection into the record, Your Honor.

"THE COURT: Step outside, ladies and gentlemen."

Appellant then objected to the unresponsive answer of the witness as having injected a highly prejudicial extraneous offense and moved for a mistrial. The motion for mistrial was denied, but the trial judge explicitly instructed the jury to disregard such testimony and not to consider it for any purpose in their deliberations. He further admonished the jury that the appellant was on trial for one offense and none other.

In Ross v. State, 169 Tex.Cr.R. 313, 334 S.W.2d 174, this Court said:

"The jury was entitled to know that the defendant on trial had control of a pistol as well as a motor vehicle while he was intoxicated. Proof of the circumstances surrounding the commission of an offense which form a part of the occurrence are admissible." See also Yaffar v. State, 171 Tex.Cr.R. 341, 349 S.W.2d 730; Dowdy v. State, Tex.Cr. App., 385 S.W.2d 678; Morgan v. State, Tex.Cr.App., 395 S.W.2d 644; Beeler v. State, Tex.Cr.App., 374 S.W.2d 237.

It is true that the cases cited involved the finding of prohibited weapons or contraband in the automobile or on the accused's person at the time of arrest, but if the officer's answer here constitutes error, that error, if any, was cured by the careful trial court's instructions. Franco v. State, Tex.Cr.App., 400 S.W.2d 548; Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W.2d 208; Campbell v. State, Tex.Cr. App., 373 S.W.2d 747; Texas Digest, 2nd ed., Criminal Law, ☞1169(5); See also Hughes v. State, 154 Tex.Cr.R. 65, 225 S.W.2d 191.

Ground of error #1 is overruled.

Next appellant urges the trial court erred in limiting his employer's testimony as to appellant's work schedule prior to his arrest, which evidence tended to show the symptoms that appellant displayed at the time of his arrest were compatible with and were actually caused by appellant's general fatigue rather than by the three beers he admitted drinking.

Ed Dufer, the employer, related that appellant had worked extra hours as a bicycle messenger boy at Western Union for three days (July 5th, 6th and 7th) immediately before his arrest on the night of July 8, 1967. Upon objection, the court refused to permit appellant to show by Dufer that he had in fact worked at least two additional hours each day for 13 days prior to his arrest. Appellant perfected his bill of exception.

Prior to the objection the following testimony was elicited from Dufer:

"Q. Now do you recall during the month of—say the latter part of June or early part of July—did you have any employees that asked for any time off during this period of time?

"A. We had two messenger boys that had to attend summer camp for the Army Reserve.

"Q. Do you recall that Guy requested that he could fill in for week-ends, taking over their jobs?

"A. Yes, he did.

"Q. As well as working the normal five days?

"A. Yes."

After the objection and the court's ruling, the following testimony was elicited:

"Q. All right, did he work the 4th of July, which was Tuesday?

"A. Yes, he did.

"Q. During this period of time do you know of your own personal knowledge if he worked as high as ten hours or more?

"A. Yes, he did.

"Q. He was actually working the normal Monday through Friday job plus the Saturday and Sunday job.

"A. Yes.

"Q. And he did this during a period of time when you had some personnel on annual leave or at summer camp?

"A. That's correct.

"Q. And he did work July 5th, I believe you stated?

"A. Yes."

The question of when the testimony becomes too remote, and therefore irrelevant, is left to the trial court's discretion. There is no showing that appellant worked the day of his arrest, and as noted above, he essentially got before the jury what he contends he was deprived of.

Ground of error #2 is overruled.

Finally, appellant contends the trial court erred in leading the jury to believe that they were obligated to assess a jail term when the jury was in unanimous agreement to assess a fine only. At the penalty stage of the proceedings, the court properly charged the jury as to penalty provisions of Article 802, V.A.P.C., including the mandatory 3 days' jail term. After deliberation the jury returned a verdict assessing a fine only. The court instructed the jury to retire and reconsider their verdict in light of the court's charge. Such procedure was entirely proper. Henson v. State, 161 Tex.Cr.R. 177, 275 S.W.2d 651; Horn v. State, 117 Tex.Cr.R. 22, 35 S.W. 2d 145; Williams v. State, 78 Tex.Cr.R. 647, 182 S.W. 335; See also Article 37.10, V.A.C.C.P.

The record is silent as to the exact instructions of the court or its alleged refusal to permit appellant's counsel to inspect the incomplete verdict. We find no objection at the time to the procedure employed. We perceive no error. Shaver v. State, 155 Tex.Cr.R. 395, 234 S.W.2d 863; Waites v. State, Tex.Cr.App., 401 S.W.2d 243. Ground of error #3 is overruled.

The judgment is affirmed.