**Felix F. FLORIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50540.**

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Rehearing Denied March 3, 1976.

Charles Tessmer, Frank S. Wright, Ronald L. Goranson and Kevin J. Clancy, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Douglas Mulder and Jon Sparling, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, 50 years.

In his first two grounds of error appellant complains that he was not informed of the presence of blood on the butt of his service revolver prior to trial. The appellant had made a motion for discovery of all scientific tests including blood tests. After the service revolver was introduced in evidence by appellant, the State called Allen Jones, an expert witness, who testified that there were traces of blood found on the butt of the revolver. He could not determine whether the blood was of human origin or how long it had been there. He further testified that a ballistic comparison between appellant's gun and the bullet recovered at the scene was inconclusive.

Appellant contends he would not have introduced the gun in evidence had he known about the traces of blood. He additionally contends that the court should have suppressed the evidence concerning the presence of blood since the appellant was not provided with a copy of the report.

As in *Means v. State*, Tex.Cr.App., 429 S.W.2d 490, we hold that, although fairness required that the State disclose to appellant the results of the test, it cannot be concluded that this evidence materially affected the determination of guilt. Failure to disclose such evidence prior to trial was not so prejudicial as to warrant reversal. We note that once this evidence was presented the appellant did not attempt to secure the report for purposes of cross examination or impeachment. It should be remembered that no effort was made by the State to show that the blood was that of the prosecutrix or even that it was human blood.

In his third ground of error appellant contends that he was denied a fair trial because the State instructed witness Jones not to talk to defense counsel.

Jones testified that it was his office's policy to discuss reports in the presence of attorneys for both sides. On cross examination he revealed that the assistant district attorney had instructed him not to

confer with the defense attorneys. However, the record reflects that a meeting between Jones and the attorneys for both sides was scheduled for 11:00 a. m., June 14, 1972, but at the request of the assistant district attorney it was postponed, and the defense attorneys were told that they could talk with Jones at the courthouse at 2:00 p. m. A discovery hearing was held at 2:00 p. m. on June 14, but Jones was not present, and the record does not show that appellant made a demand for him to be present. Appellant has not shown that he attempted at any other time prior to trial to talk to Jones.

We cannot conclude that the instruction of the assistant district attorney to the witness, while not to be condoned, denied appellant his Sixth Amendment right to counsel and to a fair trial. If applicable to the facts of this case, we do not conclude that the opinion of the United States Court of Appeals, D.C. Circuit in *Gregory v. U. S.*, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966) is authoritative and requires a reversal of this conviction.

■ The fourth ground of error alleges that the trial court erred in admitting testimony inferring that the appellant was charged with another criminal offense. One of the defense witnesses testified *during cross examination* that the picture of appellant used in the photograph lineup had been taken by the Dallas Sheriff's Office. This photograph (Defense Exhibit 6–H) was a mug shot of appellant from which the numbers in the margin had not been expunged.

Appellant's reliance on *Priest v. State*, 162 Tex.Cr.R. 66, 282 S.W.2d 390 is misplaced. In *Priest*, the State introduced the evidence of a prior police record. The statements of the complaining witness as to Priest's being in police files as a known pickpocket were of such a prejudicial nature that instruction could not cure the harm.

In the case at bar there is no showing that the picture was taken in connection with any particular offense, nor were any details of any other offense shown. Since this was appellant's exhibit, no harm is shown.

■ Ground of error five deals with the questioning of Officer Norris as to whether the appellant had been moved off of his normal police patrol sometime after September 1972.

"Q All right, they got him off the street?

A Yes."

The objection to this comment was sustained and the jury instructed to disregard. Appellant was indicted for this offense on September 11, 1972. There is no showing that the State was referring to an offense other than the case at bar. In light of the instruction to disregard, no harm is shown.

Ground of error six contends that appellant's motion for mistrial should have been granted as to the evidence complained of in his two previous grounds of error. We hold that the court adequately protected the appellant's rights when he instructed the jury to disregard. *Cazares v. State*, Tex.Cr. App., 488 S.W.2d 110; *Guerrero v. State*, Tex.Cr.App., 507 S.W.2d 765, and *Pringle v. State*, Tex.Cr.App., 511 S.W.2d 35.

■ Ground of error seven also deals with the testimony of Officer Norris. The following occurred:

"Q [Prosecutor] Why did you not put him in a lineup?

A We wanted to give him the benefit of the doubt. If there was a possibility it was not him and he had had—by having a previous record, we wanted to give him —"

An objection was made and the jury was instructed to disregard the answer. This Court has often held that an unresponsive answer is cured by an instruction to disregard. *Warren v. State*, Tex.Cr.App., 514 S.W.2d 458; *Patterson v. State*, Tex.Cr. App., 509 S.W.2d 857; *Bolden v. State*, Tex. Cr.App., 504 S.W.2d 418.

■ In ground of error eight, appellant complains of the State's asking Officer Norris if appellant was able to account for his activities on the night in question shortly after his arrest. Although this was an improper question, it was not answered, and an instruction to disregard was given. This question was not of such a damaging or prejudicial nature as to require more than an instruction to disregard to protect appellant's rights. *Kirkpatrick v. State*, Tex.Cr. App., 515 S.W.2d 289; *Paredes v. State*, Tex.Cr.App., 500 S.W.2d 160; *Hopkins v. State*, Tex.Cr.App., 480 S.W.2d 212.

■ By ground of error nine, appellant contends that the court erred in declining his motion for mistrial after Officer Norris testified on cross examination by the State that he was the individual who filed a complaint charging this appellant with this particular offense. Unlike *Clay v. State*, 161 Tex.Cr.R. 351, 276 S.W.2d 843, the officer did not state an opinion as to appellant's guilt.

Appellant's contention that this constituted bolstering of the remainder of Norris' testimony is without merit. *Ballew v. State*, 161 Tex.Cr.R. 579, 279 S.W.2d 336, relied upon by the appellant, is distinguishable in that the State, over strenuous objection, questioned its own witness from a sworn statement and additionally bolstered his testimony by showing he had twice testified before a grand jury to the same facts.

Here, the fact that appellant was indicted by the grand jury was well known to the jury as well as the fact that Norris was the investigating officer. Out of an abundance of caution, the trial judge sustained appellant's objection to the question and instructed the jury not to consider the fact that Norris filed the complaint. No error is shown.

■ Grounds of error ten and eleven complain of the failure of the trial court to submit to the jury appellant's requested instructions on mistaken identification and expert opinion. Appellant's requested charge would have told the jury that they should find appellant not guilty if they had a reasonable doubt that appellant was mistakenly identified by the prosecutrix.

Although appellant testified in his own behalf, his testimony only raised the defense of alibi, and the jury was properly charged on this issue. The testimony of the prosecutrix showed she positively identified appellant four times—from a photograph, viewing appellant in the hall of the police station, in a lineup, and in court. The only evidence which would have raised the issue of mistaken identification was properly excluded. See grounds of error 12 and 13, infra. The trial court properly denied the requested instruction. *Ward v. State*, Tex. Cr.App., 505 S.W.2d 832; *Smith v. State*, 437 S.W.2d 835; *Fite v. State*, 139 Tex.Cr.R. 592, 140 S.W.2d 848.

■ The other requested instruction would have told the jury that they were not bound to accept the opinion of any expert witness and that the credibility and reliability of the opinion was in the jury's sole province.

The court properly instructed the jury that they were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given the testimony. The requested instruction would have been on the weight of the evidence and was properly refused. *Simmons v. State*, Tex. Cr.App., 504 S.W.2d 465; *Clark v. State*, Tex.Cr.App., 500 S.W.2d 107.

■ In grounds of error twelve and thirteen, appellant complains of the exclusion of evidence that 19 days prior to the offense someone other than appellant attempted to gain entrance to an apartment in the same manner in which appellant was charged with entering prosecutrix' apartment in the case at bar. As we said in *Ferrell v. State*, Tex.Cr.App., 429 S.W.2d 901 at page 903:

"Ordinarily, evidence of offenses committed by parties other than accused is inadmissible."

The proffered evidence is not inconsistent with appellant's guilt,[1] and the trial court did not err in excluding the evidence. *Loy v. State*, Tex.Cr.App., 502 S.W.2d 123; *Dickson v. State*, Tex.Cr.App., 492 S.W.2d 267; *Fleck v. State*, Tex.Cr.App., 380 S.W.2d 621.

The final two grounds of error concern the testimony of Denise Pack, called by the State in rebuttal to establish that appellant possessed two items similar to those described by the prosecutrix. During her testimony the witness Pack identified a photograph as being of appellant. Out of the presence of the jury, appellant's father stated that it was not a picture of appellant.

Appellant alleges that the trial court erred in refusing to admit into evidence the photograph and the testimony of appellant's father. We agree that appellant should have been allowed to impeach the witness with this evidence; however, we cannot conclude that the exclusion of this evidence was error of such magnitude as to require reversal. The witness Pack did not mistakenly identify appellant; she mistakenly identified a picture that even appellant's father admitted bore a slight resemblance to appellant. Her testimony was only circumstantially corroborative; she was not an identification witness to the offense for which appellant was on trial, and she did not have any information concerning the crime itself.

Finding no reversible error, the judgment is affirmed.

---

1. This case is distinguishable from *Holt v. U. S.*, 342 F.2d 163 (5th Cir. 1965), wherein the court held it was reversible error to exclude evidence of two prior offenses by a man who resembled the defendant. In Holt, the excluded evidence tended to show that defendant had twice before been mistakenly identified as the perpetrator of similar crimes and the evidence was both material and relevant as to his contention that he was once again the victim of mistaken identity. In the case at bar the proffered testimony did not establish the identity of the perpetrator of the similar attempted offense, and appellant was not mistakenly identified as the perpetrator of that crime.