John Samuel WILLIAMS, Appellant,

v.

The STATE of Texas, State.

No. 2–86–289–CR.

Court of Appeals of Texas,
Fort Worth.

May 26, 1988.

Barrett Keith Brown, Sherman, for appellant.

Phil L. Adams, Gainesville, for State.

Before BURDOCK, LATTIMORE and W.A. HUGHES, Jr. (Retired) (Sitting by Assignment), JJ.

## OPINION

HUGHES, Justice.

Appellant, John Samuel Williams, was convicted by a jury of the offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021 (Vernon Supp. 1988). The jury assessed punishment at twenty-five years in the Texas Department of Corrections.

We affirm.

The indictment in appellant's case contains three counts that allege the offense of aggravated sexual assault. Count one of the indictment alleged that appellant commited the offense by "causing his sexual organ to penetrate the vagina of A__ W__ ...." Count three of the indictment alleged that appellant committed the offense by "causing his sexual organ to pen-etrate the mouth of A__ W__ ...." The application portion of the jury charge instructed the jurors to first consider whether appellant was guilty of the offense alleged in count one of the indictment. The jurors were also instructed to consider whether appellant was guilty of the offense alleged in count three of the indictment. However, the jurors were instructed they could find appellant guilty only on one count, if they found appellant guilty.

During the jury deliberation, the foreman sent the following note to the trial court:

> The jury has agreed that defendant John Samuel Williams is guilty of Count I based on vaginal penetration by an object not necessarily a penis and penal penetration of the mouth.
>
> We could not agree that vaginal penetration was only by a penis.
>
> /s/ M.D. Mahen
> Foreman

With this note, the jury also returned the verdict form and found appellant guilty of the offense of aggravated sexual assault as charged in count one of the indictment. When the trial court polled the jurors, one of the jurors stated: "We voted that he did not penetrate the vagina with his penis, that it was manually penetrated." The defense then moved for a directed verdict of not guilty on the grounds that the jury note and one juror's statement showed that the jury did not find appellant guilty as charged in either count one or count three because the jury found appellant guilty of vaginal penetration by an object, not necessarily a penis, and penal penetration of the mouth. The trial court denied appellant's motion.

However, the trial court then took the matter under advisement. The next day appellant again moved for a judgment of acquittal and for a mistrial which the court denied. The trial court then submitted a supplemental jury charge which instructed the jury to only answer count three if they found appellant not guilty to count one and to find appellant not guilty if they did not find him guilty of count one or count three. The jury then found appellant guilty of

aggravated sexual assault by causing his sexual organ to penetrate the mouth of the child as charged in count three of the indictment.

In his sole point of error, appellant argues that the trial court erred in overruling his motion for a directed verdict of acquittal. He argues that the jury found him not guilty as charged in the indictment because the jury note and one juror's testimony reveals that the jury found that appellant did not penetrate the victim's vagina with his penis, but rather with an object. Thus, appellant claims that the jury rendered an informal verdict of acquittal.

■ Under TEX.CODE CRIM.PROC. ANN. art. 37.10 (Vernon Supp.1988), the trial court may put a verdict in the proper form when the jury fails to do so. *See also Franco v. State,* 492 S.W.2d 534, 536 (Tex. Crim.App.1973). The court may also instruct a jury to retire to reconsider the verdict if it does not comply with the charge, the indictment, or the punishment authorized by law for the offense. *See Stilwell v. State,* 434 S.W.2d 861, 863 (Tex. Crim.App.1968). Further, an informal verdict constitutes an acquittal only when "it manifestly appear[s] that the verdict is intended as an acquittal." *See* TEX.CODE CRIM.PROC.ANN. art. 37.10(a) (Vernon Supp.1988); *Muniz v. State,* 573 S.W.2d 792, 794 (Tex.Crim.App.1978).

■ We find that the first verdict and the jury note issued by the jury were not an informal verdict of acquittal. The jury note to the court reflects that the jury found appellant guilty of vaginal penetration by an object and of penile penetration of the mouth. Thus, the verdict and the note clearly show the jury did not intend an acquittal. Apparently, the jury sent its formal verdict to the court with an accompanying note because neither the indictment nor the verdict form contained a provision for aggravated sexual assault by vaginal penetration with an object. The court then gave the jury a supplemental charge and sent the jury back to continue deliberating. The supplemental charge stated that if the jury did not find appellant penetrated the vagina of A__ W__ with a sexual organ, they must next consider whether appellant caused his sexual organ to penetrate the mouth of A__ W__. The jury found appellant guilty of causing his sexual organ to penetrate the mouth of A__ W__. We hold that the trial court did not err in overruling appellant's motion for a directed verdict of acquittal because it properly instructed the jury to reconsider its verdict after being charged with supplemental instructions. *See* TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981); TEX.CODE CRIM.PROC.ANN. art. 37.10; *Muniz v. State,* 573 S.W.2d at 794. We overrule appellant's sole point of error.

We affirm.