TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00259-CR







David Gantt, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0951992, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







A jury found appellant guilty of aggravated sexual assault and burglary of a habitation. Tex.
Penal Code Ann. §§ 22.022, 30.02 (West 1994 & Supp. 1997). (1) The district court assessed punishment
for each count at imprisonment for life. We will affirm the judgment of conviction.

During the early morning hours of February 24, 1995, a man entered the residence of the
complainant without her consent, where he stabbed and sexually assaulted her. The man stole the
complainant's roommate's bicycle when he left. Appellant was arrested on March 27, 1995, when he
attempted to pawn the stolen bicycle. The complainant identified appellant as her assailant during a lineup
and at trial. An expert testified that the DNA profile of semen samples found at the crime scene matched
samples taken from appellant, and that appellant's DNA profile would be found in approximately one in
six million white males.

In his first point of error, appellant contends the evidence is legally insufficient to sustain his
conviction for the two offenses. While appellant does not challenge the sufficiency of the evidence as to
the offenses, he asserts that the State failed to identify him as the perpetrator. In determining the legal
sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa
v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981).

In his argument in support of this point of error, appellant acknowledges the Jackson test
but fails to apply it. Instead, appellant attacks the credibility of the State's witnesses, discusses evidence
the State did not present (such as fingerprints), and assumes the truth of the alibi testimony of defense
witnesses. The jury was the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony. Miller v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The testimony
summarized above, viewed in the light most favorable to the verdict, is clearly sufficient to support a finding
beyond a reasonable doubt that appellant was the man who entered the complainant's residence and
sexually assaulted her. Point of error one is overruled.

Next, appellant urges that the district court erred by overruling his motion to suppress
identification testimony because the pretrial lineup was impermissibly suggestive. Appellant bore the burden
of proving by clear and convincing evidence both that the lineup was impermissibly suggestive and that it
gave rise to a substantial likelihood of irreparable misidentification. Delk v. State, 855 S.W.2d 700, 706
(Tex. Crim. App. 1993). Appellant contends the lineup was impermissibly suggestive because the other
persons in the lineup were not jail inmates (one was an emergency telephone operator, the other three were
police cadets), the men standing beside him differed from him in height and weight, and the lighting tended
to draw attention to appellant.

Appellant cites no authority to support his claim that the lineup was impermissibly suggestive
merely because the other persons in the lineup were not inmates. The officer who conducted the lineup
testified that she chose the other men in the lineup because they were similar to appellant in appearance. 
A photograph of the lineup is in the record. The lineup consists of five white males who are dressed
identically. The two men on either side of appellant are approximately two inches shorter than he. The
other two men in the lineup are roughly appellant's height. There are no gross disparities in age or weight
among the five men. The lighting appears to be brighter near appellant, but the officer testified that the
photograph was taken through glass and that the lighting in the photograph does not accurately reflect the
lighting in the lineup room.

In 1996, the Court of Criminal Appeals held that an order granting or overruling a motion
to suppress should be reviewed on appeal as follows:


At a suppression hearing, the trial judge is the sole and exclusive trier of fact and
judge of the credibility of the witnesses, as well as the weight to be given their testimony. 
The trial judge is also the initial arbiter of the legal significance of those facts. The court of
appeals is to limit its review of the trial court's rulings, both as to the facts and the legal
significance of those facts, to a determination of whether the trial court abused its
discretion.



Dubose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996) (citations omitted); see also State v.
Carter, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). The Court of Criminal Appeals has now
expressly overruled Dubose and Carter and restated the standard of review:


[A]s a general rule, the appellate courts . . . should afford almost total deference to a trial
court's determination of the historical facts that the record supports especially when the
trial court's fact findings are based on an evaluation of credibility and demeanor. The
appellate courts . . . should afford the same amount of deference to trial courts' rulings on
"application of law to fact questions," also known as "mixed questions of law and fact,"
if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. The appellate courts may review de novo "mixed questions of law and fact"
not falling within this category.



Guzman v. State, No. 190-94 (Tex. Crim. App. Sept. 24, 1997). The time for filing a motion for
rehearing in Guzman has not expired, and thus the opinion is not yet final. 

Applying Dubose, appellant has not shown that the district court abused its discretion by
concluding that the lineup was not impermissibly suggestive. Applying Guzman, we conclude that the
lineup was not impermissibly suggestive. The district court did not err by overruling the motion to suppress
identification testimony. Point of error two is overruled. 

Appellant's third point of error is that the district court did not allow him to question the
investigating officer in order "to develop the defense theory that the sexual assault of [the complainant] may
have been committed by the Hyde Park Rapist or other serial rapist." The record does not reflect, by bill
of exception or otherwise, the substance of the testimony appellant sought to adduce. See Love v. State,
861 S.W.2d 899, 901 (Tex. Crim. App. 1993); Tex. R. Crim. Evid. 103(a)(2). Evidence of offenses
committed by third parties is generally inadmissible, on the ground of irrelevance, unless the evidence is
inconsistent with the defendant's guilt of the offense charged. Franklin v. State, 693 S.W.2d 420, 431
(Tex. Crim. App. 1985); Florio v. State, 532 S.W.2d 614, 618-19 (Tex. Crim. App. 1976). When
questioned by the court outside the jury's hearing, defense counsel acknowledged that he had no evidence
that the Hyde Park rapist committed the offense for which appellant was on trial. No error is presented. 
Point of error three is overruled.

Finally, appellant contends an African-American venire member was peremptorily struck
by the State on the basis of race. See Batson v. Kentucky, 476 U.S. 79 (1986). When appellant made
this objection at trial, the State gave three reasons for striking the juror: he was a young engineer with no
children, he had a record of numerous speeding tickets, and he failed to complete his juror information card. 
These reasons are race-neutral on their face. See Tompkins v. State, 774 S.W.2d 195, 202 (Tex. Crim.
App. 1987) (occupation); Roy v. State, 891 S.W.2d 315, 325 (Tex. App.--Fort Worth 1994, no pet.)
(youth); Satterwhite v. State, 858 S.W.2d 412, 423 (Tex. Crim. App. 1933) (failure to complete
questionnaire). While appellant asserts that the prosecutor's reasons for the peremptory strike were merely
a pretext for racial discrimination, he offers no argument or authority in support of this assertion and does
not refer us to evidence in the record that would support such a conclusion. Appellant does not persuade
us that the district court's overruling of his Batson objection was clearly erroneous. See Hill v. State, 827
S.W.2d 860, 865-66 (Tex. Crim. App. 1992) (standard of review). Point of error four is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 9, 1997

Do Not Publish
1. Amendments to the penal statutes subsequent to the offense are irrelevant to the appeal.



 CG Times Regular">[A]s a general rule, the appellate courts . . . should afford almost total deference to a trial
court's determination of the historical facts that the record supports especially when the
trial court's fact findings are based on an evaluation of credibility and demeanor. The
appellate courts . . . should afford the same amount of deference to trial courts' rulings on
"application of law to fact questions," also known as "mixed questions of law and fact,"
if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. The appellate courts may review de novo "mixed questions of law and fact"
not falling within this category.



Guzman v. State, No. 190-94 (Tex. Crim. App. Sept. 24, 1997). The time for filing a motion for
rehearing in Guzman has not expired, and thus the opinion is not yet final. 

Applying Dubose, appellant has not shown that the district court abused its discretion by
concluding that the lineup was not impermissibly suggestive. Applying Guzman, we conclude that the
lineup was not impermissibly suggestive. The district court did not err by overruling the motion to suppress
identification testimony. Point of error two is overruled. 

Appellant's third point of error is that the district court did not allow him to question the
investigating officer in order "to develop the defense theory that the sexual assault of [the complainant] may
have been committed by the Hyde Park Rapist or other serial rapist." The record does not reflect, by bill
of exception or otherwise, the substance of the testimony appellant sought to adduce. See Love v. State,
861 S.W.2d 899, 901 (Tex. Crim. App. 1993); Tex. R. Crim. Evid. 103(a)(2). Evidence of offenses
committed by third parties is generally inadmissible, on the ground of irrelevance, unless the evidence is
inconsistent with the defendant's guilt of the offense charged. Franklin v. State, 693 S.W.2d 420, 431
(Tex. Crim. App. 1985); Florio v. State, 532 S.W.2d 614, 618-19 (Tex. Crim. App. 1976). When
questioned by the court outside the jury's hearing, defense counsel acknowledged that he had no evidence
that the Hyde Park rapist committed the offense for which appellant was on trial. No error is presented. 
Point of error three is overruled.

Finally, appellant contends an African-American venire member was peremptorily struck
by the State on the basis of race. See Batson v. Kentucky, 476 U.S. 79 (1986). When appellant made
this objection at trial, the State gave three reasons for striking the juror: he was a young engineer with no
children, he had a record of numerous speeding tickets, and he failed to complete his juror information card. 
These reasons are race-neutral on their face. See Tompkins v. State, 774 S.W.2d 195, 202 (Tex. Cr